IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| STEVEN C. EDWARDS, | |
| Plaintiff, | 8:16-CV-157 |
| vs. | |
| CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration, | ORDER TO SHOW CAUSE |
| Defendant. | |

    The defendant's answer in this case suggests that this appeal has been mooted by the death of the plaintiff. When a federal court can no longer grant effective relief, the issue is moot and the court has no power to decide the issue. *Lebanon Chem. Corp. v. United Farmers Plant Food Inc.*, 179 F.3d 1095, 1099 (8th Cir. 1999) (citation omitted); *see Calderon v. Moore*, 518 U.S. 149, 150 (1996). The Court will order the plaintiff's counsel to show cause why the case should not be dismissed as moot.

    The plaintiff in this case was pursuing disability benefits pursuant to both Title II and Title XVI of the Social Security Act, 42 U.S.C. § 401 *et seq.* (SSDI benefits), and pursuant to Title XVI of the Social Security Act, 42 U.S.C. § 301 *et seq.*: Social Security disability insurance (SSDI) benefits and supplemental security income (SSI) benefits, respectively. But Social Security regulations limit to whom an underpayment is posthumously payable. For SSDI benefits, an underpayment may be payable to an eligible surviving spouse, child, parent, or estate administrator. *See* 20 C.F.R. § 404.503. For SSI benefits, only an eligible surviving spouse or parent may receive an underpayment. *See* 20 C.F.R. § 416.542; *see also Smith v. Califano*, 597 F.2d 152, 155-59 (9th Cir. 1979).

    Assuming that the plaintiff is, in fact, deceased, it is unknown whether there is any eligible payee who is willing to pursue whatever claim may persist for past-due benefits. Accordingly, it is also unknown whether the Court could, upon finding error, grant effective relief. The Court will therefore direct the plaintiff's counsel to show cause why this case should not be dismissed as moot. Such cause shall include affirmative evidence that this appeal can be prosecuted in the interest of an individual who meets the criteria for an eligible payee, as set forth in the above-cited regulations. The

Court will also stay progression of this case pending substitution of a proper plaintiff pursuant to Fed. R. Civ. P. 25(a)(1).

IT IS ORDERED:

1. The plaintiff's counsel shall show cause, on or before September 26, 2016, why this case should not be dismissed as moot.

2. Progression of this case is stayed pending substitution of a proper plaintiff pursuant to Fed. R. Civ. P. 25(a)(1).

Dated this 8th day of September, 2016.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge